# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Clifton B. Mays,** ) | **CASE NO. 1: 20 CV 2809** |
| ) | |
| Plaintiff, ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| v. ) | |
| ) | **Memorandum of Opinion and Order** |
| **Michael C. O'Malley,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

## Background

Plaintiff Clifton B. Mays, an Ohio prisoner proceeding *pro se*, has filed an *in forma pauperis* civil rights complaint in this matter against multiple defendants. (Doc. No. 1.) The plaintiff was convicted in 2018 in the Cuyahoga County Court of Common Pleas of multiple crimes, including felonious assault, kidnapping, domestic violence, endangering children, aggravated menacing, and having weapons under disability. *See State of Ohio v. Clifton B. Mays*, CR-18-627206-A (Cuyahoga County Ct. of Comm. Pls.)

The plaintiff's complaint pertains to the his arrest and conviction in the 2018 criminal case, but his pleading is convoluted, unclear, and extremely difficult to parse. Even the specific defendants the plaintiff seeks to sue are unclear. Although he refers to numerous others (including Ohio appellate and Supreme Court judges and other state employees and law enforcement personnel), the only defendants he specifically names in the initial caption of his complaint are Cuyahoga County Common Pleas Judge Brendan J. Sheehan, Prosecutors Michael C. O'Malley and Christine Vachas, his court-appointed attorney Michael J. Cheselka, and the victim in his criminal case. (*See* Doc. No. 1 at 1-2.)

His complaint does not set forth cogent allegations or specific legal claims against each of these defendants. Instead, his complaint consists of unclear and conclusory complaints and grievances regarding his arrest and trial, set forth on multiple pages and portions of different form complaints. His basic complaint is that he was illegally arrested and "fraudulently convicted in a kangaroo court" in his criminal case after being to subjected to a "sham legal process" and "mock trial." (Doc. No. 1 at 4.) He contends Common Please Judges John Russo and Sheehan and the county prosecutors were all in "agreement too put [him] through a sham legal process so they could convict him." (*Id.* at 8.) He contends the prosecutors put on false evidence and failed to investigate his case, and that his attorney Michael Chelska also "worked against" him and "sold him out to the mock trial conspiracy." (*Id*. at 5.)

He contends his speedy trial rights were violated. He also complains the victim lied under oath with a plan to kill him, that the Cleveland Police illegally "kidnapped" him, and that he was held in the county jail under deplorable conditions amounting to cruel and unusual punishment. (*See* i*d*. at 3, 6, 9.)

He generally asserts his due process rights were violated in his criminal case, but he does not seek any specific relief. He simply contends his rights were violated and that the Ohio Court of Appeals and Ohio Supreme Court, as well as a number of other organizations and entities, refused to investigate his case to expose the "conspiracy" against him but that they instead covered up the "lower courts' crimes in the interest of the Buddy System." (*Id*. at 6.) He asserts he could not receive help "because of racism." (*Id.* at 7.)

**Standard of Review**

Although the standard of review for *pro se* pleadings is liberal, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "the lenient treatment generally accorded *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). Federal district courts are expressly required, under 28 U.S.C. §1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to state a claim, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for deciding motions to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals for failure to state a claim under §1915(e)(2)(B)). The "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In addition, they must be sufficient to give the defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

## Discussion

Upon review, the Court finds that the plaintiff's complaint must be dismissed in accordance with § 1915(e)(2)(B). Even liberally construed, it does not allege any plausible claim upon which he may be granted relief in a civil rights action. First, the plaintiff's

allegations are so rambling, unclear, and conclusory that they fail to meet basic pleading requirements necessary to allege plausible claims above a speculative level. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief). Courts are not required "to conjure" allegations for *pro se* plaintiffs or "guess at the nature of the claim asserted." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Further, he has alleged no cognizable civil rights claim under the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [42 U.S.C.] § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*, 28 U.S.C. § 2254.

*Id*. at 486-87.

A claim bearing the described relationship to a conviction or sentence that has not been invalidated is not cognizable under § 1983. *Id.* at 487. The holding in *Heck* has been extended to actions seeking injunctive and declaratory relief as well as to damage claims. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief).

Here, whatever the plaintiff's claims are against the defendants identified in the initial caption of his complaint, they necessarily imply the invalidity of his conviction in his 2018 criminal case. Accordingly, because there is no suggestion in his complaint that his conviction

has been set aside or invalidated in any of the ways articulated in *Heck*, his complaint alleges no cognizable civil rights claim under § 1983.

Further, the defendants the plaintiff identifies in the initial caption of his complaint are immune from suit or cannot be sued under § 1983. It is well established that judges and other court officers enjoy absolute immunity from suits on claims arising out of the performance of judicial or quasi-judicial functions. *See Wappler v. Carniak*, 24 F. App'x 294, 295-96 (6th Cir. 2001). Prosecutors are likewise immune. *See e.g., Holland v. County of Macomb*, No. 16–2103, 2017 WL 3391653, at *2 (C.A.6 (Mich.), 2017) citing *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976) (prosecutors have immunity from liability under § 1983 when engaging in activities intimately associated with the judicial phase of the criminal process, such as initiating a prosecution). It is also "firmly established that a defense attorney, regardless of whether he is a public defender or private attorney, is not a state actor for purposes of § 1983." *Jordan v. Kentucky*, No. 3: 09 CV 424, 2009 WL 2163113, at *4 (W.D.Ky. July 16, 2009), citing *Polk County v. Dodson*, 454 U.S. 312 (1981). Nor can the plaintiff sue the victim in his criminal case. *See Azar v. Conley*, 456 F.2d 1382 (6th Cir. 1972) (where a complaint in a civil rights action against a private citizen did not allege that the private person was acting "under color of law," the action was properly dismissed).

## Conclusion

For all of the foregoing reasons, the plaintiff's complaint is dismissed in accordance with 28 U.S.C. § 1915(e). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                              /s/ Patricia A. Gaughan  
                                              PATRICIA A. GAUGHAN  
                                              United States District Court  
Dated: 3/2/21                              Chief Judge